1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11   ALEXIS BLADIMIR ZELAYA-GONZALEZ,          Case No.: 23-CV-151 JLS (KSC)

12                              Petitioner,
                                               **ORDER DENYING PETITION**
13   v.                                        **FOR WRIT OF HABEAS**
                                               **CORPUS PURSUANT TO**
14   JAMISON MATUSZEWSKI, et al.,              **28 U.S.C. § 2241**

15                            Respondents.

16                                             (ECF No. 1)

17

18        Presently before the Court is Petitioner Alexis Bladimir Zelaya-Gonzalez's Petition

19   for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before

20   the Court is Respondents Jamison Matuszewski (San Diego Field Office Director,

21   Immigration and Customs Enforcement), Joseph Suazo (Calexico Assistant Field Office

22   Director, Immigration and Customs Enforcement), William Derevere (Facility

23   Administrator, Imperial Regional Detention Facility), Matthew Allen (Senior Official

24   Performing the Duties of the Director of U.S. Immigration and Customs Enforcement), and

25   Alejandro Mayorkas's (Secretary of Homeland Security) (collectively, "Respondents")

26   Answer in Opposition ("Resp.," ECF No. 6) and Petitioner's Traverse ("Traverse," ECF

27   No. 7).  The Court finds this matter appropriately decided on the papers without oral

28   / / /

argument pursuant to Civil Local Rule 7.1(d)(1).  Having carefully considered the Parties'
filings and the law, the Court **DENIES** the Petition for the reasons that follow.

## BACKGROUND

Petitioner, who is proceeding pro se and is presently detained at the Imperial
Regional Detention Facility pending removal proceedings, is a native and citizen of El
Salvador. Pet. ¶¶ 1, 19. On or about January 7, 2020, Petitioner ran through the San Ysidro,
California, Port of Entry without legal documents entitling him to enter the country and
was detained by U.S. officials.  Resp. Ex. 4 (ECF No. 6-2 at 17).[1]  During a sworn
interview, Petitioner admitted that he was previously removed by Border Patrol on October
20, 2003, and that he was previously deported from the United States in 2007, 2008, and
2011.  *Id.*  He further admitted that he had been arrested in the United States twice, and
that he also had been arrested in El Salvador.  *See id.*  He also admitted that he was a felon
in the United States.  *See id.*  Petitioner was transferred to the custody of the U.S.
Department of Homeland Security ("DHS") pending a credible fear interview with an
asylum officer.  *Id.*

During a February 5, 2020 credible fear interview, Petitioner was found credible.
Resp. Ex. 5 (ECF No. 6-2 at 21).  Shortly thereafter, Petitioner was placed into removal
proceedings.  *See* Pet. Ex. A (ECF No. 1-2).  Petitioner requested a change in his custody
status, but on May 19, 2020, an immigration judge denied his request.  Resp. Ex. 14 (ECF
No. 6-2 at 72).  On September 25, 2020, following a parole interview, U.S. Immigration
and Customs Enforcement ("ICE") declined Petitioner's request for parole from custody
on the basis that Petitioner "ha[d] not established to ICE's satisfaction that [he is] not a
flight risk" and "ha[d] not established to ICE's satisfaction that [he is] not a security risk
or a danger to the community."  Resp. Ex. 15 (ECF No. 6-2 at 74).
/ / /

---

[1] In citing to the exhibits to the Response, the Court refers to the page numbers provided by Respondents
in the upper righthand corner of each page.

23-CV-151 JLS (KSC)

1    On October 1, 2020, an immigration judge denied Petitioner's applications for
2  asylum, withholding of removal, and withholding of removal under the United Nations
3  Convention Against Torture ("CAT").  *See* Resp. Ex. 6 (ECF No. 6-2 at 23–32).  In
4  November 2020, Petitioner sought review of that decision before the Board of Immigration
5  Appeals ("BIA").  Resp. Ex. 7 (ECF No. 6-2 at 36–43).  In January 2021, Petitioner's
6  custody status was re-evaluated in light of his heightened risk of severe illness and death
7  from Covid-19 due to asthma.  Resp. Ex. 16 (ECF No. 6-2 at 78–79).  However, DHS
8  determined that Petitioner would remain in DHS detention pending a final administrative
9  determination in his case, given the danger he posed to public safety and his potential flight
10  risk.  *See id.*

11    On July 30, 2021, the BIA remanded Petitioner's proceedings to the immigration
12  judge due to inconsistent findings, but found that Petitioner had waived his application for
13  protection under CAT.  *See* Pet. Ex. B (ECF No. 1-3).  On March 24, 2022, a different
14  immigration judge, after hearing additional testimony from Petitioner and two expert
15  witnesses retained by Petitioner, found Petitioner's testimony to be not credible and denied
16  Petitioner's applications for asylum and withholding of removal.  Resp. Ex. 10 (ECF No.
17  6-2 at 52–60).  Petitioner again sought review before the BIA.  Resp. Ex. 11 (ECF No. 6-2
18  at 61).

19    On September 9, 2022, the BIA dismissed Petitioner's appeal, finding no error in the
20  immigration judge's removal order.  Pet. Ex. C (ECF No. 1-4).  On September 20, 2022,
21  Petitioner sought judicial review of the BIA's decision in the Ninth Circuit.  *See* Resp. Ex.
22  13 (ECF No. 6-2 at 67–70).  Petitioner also moved for a stay of removal pending further
23  order of the Ninth Circuit.  *See id.*  Pursuant to Ninth Circuit General Order 6.4, Petitioner's
24  removal has been judicially stayed in light of his motion to stay.  *See id.*  The motion to
25  stay, which is opposed, remains pending.  *See id.*

26    On January 24, 2023, Petitioner filed both the instant Petition and a Motion for Leave
27  to Proceed *in Forma Pauperis* ("IFP Mot.," ECF No. 2).  The Petition contends that
28  "Petitioner has been detained for three years, yet has not been provided a bond hearing

23-CV-151 JLS (KSC)

before a neutral decision maker to determine whether his prolonged detention is justified based on danger or flight risk." Pet. ¶ 21.  The Petition asserts two claims for violation of Petitioner's due process rights in violation of the Fifth Amendment of the U.S. Constitution.  *Id.* ¶¶ 40–46.  Petitioner requests that the Court issue a writ of habeas corpus ordering either Petitioner's (1) immediate release upon the Court's determination that his continued detention is not justified, or (2) release within 30 days unless Respondents schedule a hearing before an immigration judge to determine whether Petitioner's detention pending removal is justified.  *Id.* ¶¶ 4–5; Prayer for Relief.

On January 27, 2023, the Court granted Petitioner's IFP Motion.  *See* ECF No. 3. On February 1, 2023, the Court ordered Respondents to show cause why the Petition should not be granted.  *See* ECF No. 4.  Respondents timely filed their Answer on March 2, 2023, *see* Resp., and Petitioner filed his Traverse on March 13, 2023, *see* Traverse.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2241(a).  The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals.  *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)).  However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court.  *Nadarajah v. Gonzales,* 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

/ / /

/ / /

/ / /

23-CV-151 JLS (KSC)

**ANALYSIS**

Respondents contend that the Petition must be denied because: (1) Petitioner's detention does not violate the Fifth Amendment's due process clause, *see generally* Resp.; and (2) to the extent Petitioner contends that his conditions of confinement are unconstitutional, his claim is not cognizable in habeas, *see id.* at 16 n.11.[2]

Petitioner does not address Respondents' second argument. *See generally* Traverse. The Court, however, agrees with Respondents that the Petition, to the extent premised on a claim of unconstitutional conditions of confinement, is not cognizable in habeas; accordingly, this Court lacks jurisdiction over such a claim. *See, e.g.*, *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) ("We have long held that prisoners may not challenge mere conditions of confinement in habeas corpus." (citing *Crawford v. Bell*, 599 F.2d 890, 891–92 (9th Cir. 1979))) (footnote omitted). Although a district court may construe a habeas petition amenable to conversion on its face as a civil rights claim after warning the *pro se* litigant of the possible consequences of conversion and providing an opportunity to withdraw or amend, *see id.* at 936 (citations omitted), the Court declines to exercise its discretion to do so here, *see, e.g.*, *Graf v. Ponce*, No. CV 21-8363-VAP(E), 2022 WL 2102887, at *5–6 (C.D. Cal. Feb. 22, 2022) (citation omitted) (declining to convert § 2241 petition's conditions of confinement challenges to civil rights claim). "[C]onversion is impossible here because, among other decisive reasons, Petitioner seeks no damages under *Bivens*—the only available remedy for his category of claims (assuming they are even otherwise actionable)." *Malone v. Warden, Victorville II*, No. 522CV00171JFWSK, 2022 WL 619019, at *1 (C.D. Cal. Feb. 7, 2022) (*citing Carlson v. Green*, 446 U.S. 14, 16, 19 (1980)). Accordingly, the Court finds that it lacks jurisdiction over any claim concerning conditions of confinement; thus, any such claims in the Petition must be denied.

/ / /

---

[2] In citing to Respondents' Answer, the Court refers to the blue numbers stamped in the upper righthand corner of each page by the District's Case Management/Electronic Case Filing system.

The Court thus turns to the crux of Respondents' argument: that Petitioner's detention does not violate the Fifth Amendment.  *See generally* Resp.  Respondents assert that Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), *see* Resp. at 10, which provides: "If the [asylum] officer determines at the time of the interview that an alien has a credible fear of persecution . . . , the alien ***shall be detained*** for further consideration of the application for asylum."  8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added); *see also Jennings v. Rodriguez*, 138 S. Ct. 830, 842 (2018) (noting that "§[] 1225(b) . . . thus mandate[s] detention of applicants for admission until certain proceedings have concluded").  Although the issuance of a final order of removal shifted Petitioner's detention authority to 8 U.S.C. § 1231, *see* Resp. at 11, Petitioner's petition for review in the Ninth Circuit and the attendant judicial stay of his removal order shifted his detention authority back to 8 U.S.C. § 1225(b)(1)(B)(ii), *see* Resp. at 11 (citing *Prieto-Romero v. Clark*, 534 F.3d 1053, 1060, 1062 (9th Cir. 2008)).  As the Ninth Circuit has yet to rule on the petition for review or Petitioner's motion to stay, Petitioner remains detained under 8 U.S.C. § 1225(b)(1)(B)(ii).  *See* Resp. at 11 (citing *Lopez-Velazquez v. Johnson*, No. 16-CV-01226-EMC, 2016 WL 4073338, at *5 n.3 (N.D. Cal. Aug. 1, 2016)).  And the Supreme Court has recognized that "nothing in the statutory text [of § 1225(b)] imposes a limit on the length of detention," and § 1225(b) "says [no]thing whatsoever about bond hearings." *Jennings*, 138 S. Ct. at 842.  The Supreme Court has further held that the express exception to detention provided in 8 U.S.C. § 1182(d)(5)(A)—which permits the Attorney General to temporarily parole, in limited circumstances, an inadmissible alien detained pursuant to § 1225(b)(1)—"implies that there are no *other* circumstances under which aliens detained under § 1225(b) may be released."  *Id.* at 844 (emphasis in original) (citation omitted).

Petitioner does not contest, *see generally* Traverse, and the Court agrees, that Petitioner is being detained under § 1225(b)(1)(B)(ii).  Accordingly, the Court finds that Petitioner has no Fifth Amendment right to a bond hearing or to parole pending his removal proceedings.  As the Supreme Court has reaffirmed as recently as 2020, the only due

process due an alien seeking admission to the United States is "those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1983 (2020).  The Ninth Circuit, applying the Supreme Court's holding in *Thuraissigiam*, has explicitly stated that, "[a]ccordingly, any rights [an inadmissible alien] may have in regard to removal or admission are purely statutory in nature and are not derived from, or protected by, the Constitution's Due Process Clause." *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1167 (9th Cir. 2022).  Ultimately, "[t]he recognized liberty interests of U.S. citizens and aliens are not coextensive: the Supreme Court has 'firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens.'" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (quoting *Demore v. Kim*, 538 U.S. 510, 522 (2003)).

For the reasons provided by Respondents, *see* Resp. at 13–16, the authorities Petitioner cites to support his due process claim are inapposite, *see* Pet. ¶¶ 22–39.  Binding Ninth Circuit and Supreme Court precedents are clear that Petitioner lacks any rights beyond those conferred by statute, and no statute entitles Petitioner to a bond hearing.  Accordingly, the Petition is without merit and must be denied.

## CONCLUSION

In light of the foregoing, the Court **DENIES** the Petition (ECF No. 1).  The Court need not issue a certificate of appealability in this case.  *See Udom v. U.S. Immigr., Customs Enf't*, No. 11-CV-2699-IEG NLS, 2012 WL 380135, at *4 (S.D. Cal. Feb. 6, 2012) (noting no certificate of appealability required for order denying § 2241 petition (citing *Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997))).  As this concludes the litigation in this matter, the Court **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED.**

Dated:  April 25, 2023

Hon. Janis L. Sammartino
United States District Judge

7

23-CV-151 JLS (KSC)